**LU BAODI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–75958.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007 [*].

Filed Feb. 23, 2007.

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Dorothy A. Harper, Esq., Law Office of Dorothy A. Harper, Los Angeles, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Jonathan F. Potter, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Leslie D. Peritz, United States Dept. of Justice Antitrust Division, Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Lu Baodi, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision that affirmed the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002), and we grant the petition and remand in part and dismiss in part.

The IJ questioned Baodi's membership in Zhaun Gong and its importance to her, because he found that she had only practiced it sporadically and with one other person since coming to the United States. Because the IJ's finding was not supported by the record, *see Bandari v. INS,* 227 F.3d 1160, 1166–67 (9th Cir. 2000), and improperly speculative, *see Shah v. INS,* 220 F.3d 1062, 1071 (9th Cir.2000), and because she was not given a reasonable opportunity to explain the perceived discrepancy, *see Campos–Sanchez v. INS,* 164 F.3d 448, 450 (9th Cir.1999), substantial evidence does not support the IJ's adverse credibility finding.

In addition, the IJ found that Baodi embellished her testimony regarding the abuse she suffered during her detention because she included details that were absent in her asylum application. Because the omission of details does not support an adverse credibility determination, *see Bandari,* 227 F.3d at 1166–67, and because Baodi was not given a sufficient opportunity to explain the discrepancy, *see Campos–Sanchez,* 164 F.3d at 450, substantial evidence does not support the IJ's finding.

The IJ questioned Baodi's subjective fear of returning to China because she returned to China after arriving in the United States to tend to her sick mother. This finding is not supported by the record, which shows that Baodi took numerous steps to ensure that the Chinese government did not know that she was in the country. Therefore, substantial evidence does not support the IJ's finding. *See Singh v. Moschorak,* 53 F.3d 1031, 1034 (9th Cir.1995).

In addition, the IJ found that Baodi would be safe in China if she simply abstains from practicing Zhaun Gong. This finding is not supported by substantial evidence because to require Baodi to abstain from practicing Zhaun Gong is contrary to basic principles of asylum. *See Zhang v. Ashcroft,* 388 F.3d 713, 719–20 (9th Cir. 2004) (holding that to require an individual to practice Falun Gong in secret is "contrary to our basic principles of religious freedom and the protection of religious refugees").

Accordingly we grant the petition as to Baodi's asylum and withholding claims and remand to the agency for further proceedings consistent with this disposition. *See INS v. Orlando Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Baodi failed to exhaust her CAT claim before the BIA, so this court lacks jurisdiction to review it. *See Vargas v. INS,* 831 F.2d 906, 907–08 (9th Cir.1987).

**PETITION FOR REVIEW GRANTED and REMANDED in part; and DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.